GARLAND, Respondent, *vs.* HARRISON, Appellant.

1. Where A. furnished money to B. with which to purchase a judgment on their joint account, and A. suffered B. to take the assignment in his own name, and B. afterwards assigned the judgment to C., who had no notice of A.'s claim, *it was held,* that C. could hold the money collected on the judgment, as against A.
2. The declarations of the assignor of a *chose in action* after assignment, are not admissible in evidence against his assignee.

*Appeal from St. Louis Circuit Court.*

This was an action of assumpsit, begun by ·Garland against Harrison, March 9, 1849. The declaration contained the common counts, and one upon an account stated. The object of the suit was to recover one half of the amount of a judgment rendered in the St. Louis Court of Common Pleas, October 22, 1847, in favor of Isaac S. Clark against Marshall C. Holliday. In support of his claim, the plaintiff offered in evidence the following paper marked A., and proved the signature thereto of O. P. Crow:

" I acknowledge to have received from B. S. Garland, about the last of June last, or first of July instant, the sum of one hundred and fifty dollars, which was appropriated to the purchasing of a judgment from ———— Clark against Marshall C. Holliday, amounting to about seven hundred and fifty odd dollars, which judgment was purchased for the benefit of said Garland and myself, out of which each of us is entitled to one half when the same is collected. The sheriff of St. Louis county now holds the amount of said judgment in his hands, of funds belonging to said Holliday, which is to be applied to the judgment against said Holliday, purchased by me as aforesaid."                                         "O. P. CROW.

" August 2, 1845."

The admission of this paper in evidence was ·    ected to.

In the date of the above writing, the word "July" seemed to have been originally written, and the word "August" to

have been written over it. The judgment therein referred to was a judgment rendered in an attachment suit in the Callaway Circuit Court, an execution on which was then in the hands of the sheriff of St. Louis county. Afterwards, it appearing that the execution on the Callaway judgment was of no avail, as there had been no service on the defendant, a new suit, by attachment, was instituted in the St. Louis Court of Common Pleas upon the original demand. The money recovered in this last named suit was received by Harrison, and the plaintiff, Garland, seeks in this suit to recover one half of it. Harrison claimed under an assignment from O. P. Crow, who claimed under an assignment from Clark.

In further support of his claim, Garland offered evidence to show that he was the active agent in prosecuting the suit in the St. Louis Court of Common Pleas, which was objected to, but admitted. He further offered to prove, by Henry B. Belt, the statement of Crow, "just after he returned from up the country, where he went to buy the judgment," that he (Crow) and Garland had purchased it together, which was also objected to, but admitted. B. B. Dayton, a witness, called by plaintiff, testified that he was employed by Harrison to bring the suit of Clark v. Holliday in the St. Louis Common Pleas; that Harrison and Crow came to his office together; that soon after the institution of the suit, Garland informed him that he had an interest in it, but he never knew the nature of his interest until the termination of the suit, when a dispute arose between Garland and Harrison as to the proceeds; that he paid them to Harrison, taking from him an indemnity; that Garland furnished information, procured witnesses, and otherwise assisted in the prosecution of the suit. All the evidence touching the acts of Crow, in the prosecution of the suit, was objected to.

At the close of the plaintiff's case, the defendant asked the following instructions, which were refused.

1. There is no evidence before the jury, that the plaintiff is entitled to any portion of the money received by Harrison, un-

der the judgment rendered in the St. Louis Court of Common Pleas.

2. Upon the plaintiff's own showing, he is not entitled to recover in this case.

The defendent then offered to give in evidence the assignment from Crow to Harrison, written upon the back of a paper marked B., first proving the signature of Crow thereto. The paper marked B., is as follows:

"Know all men by these presents, that I, Isaac Clark, of the county of Callaway and state of Missouri, for and in consideration of the sum of five hundred dollars, duly paid, have sold, and by these presents, do assign, transfer and set over to O. P. Crow, of the county of St. Louis and state aforesaid, a certain judgment rendered on the nineteenth day of April, 1845, in the Callaway Circuit Court, in favor of Isaac Clark, and against Marshall C. Holliday, for seven hundred and twenty-six dollars damages, besides interest and costs, on which said judgment an execution was issued to the county of St. Louis, and is now in the hands of the sheriff of said county, returnable to the October term, 1845, of said Callaway Circuit Court. Given under my hand and seal, this thirtieth day of June, eighteen hundred and forty-five.

"ISAAC S. CLARK, (seal.)

"Test: A. G. Bennett."

William H. Pritchartt, a witness for plaintiff, had previously stated, on cross-examination, that he drew this paper at the request of Garland; that he also drew the paper marked A., but he could not tell which was drawn first. From the language of paper A., he thought it must have been drawn first.

The body of the assignment from Crow to Harrison, written on the back of paper B., was admitted to be in Harrison's handwriting, and is as follows:

"For value received of James Harrison, I hereby assign and transfer to him the within mentioned judgment, and all my

right, title and interest in the same, and all my right and interest under and by virtue of the within transfer.

"O. P. CROW.

"St. Louis, July 7, 1845."

The court permitted the assignment from Crow to Harrison to be given in evidence, and permitted the defendant to read also, in connection therewith, that part of paper B., commencing with the words, "a certain judgment," and ending with the words, "Callaway Circuit Court," when they last occur in said paper; but refused to allow any other part of said paper B. to be given in evidence.

The court, upon its own motion, gave the following instruction to the jury:

The jury are instructed that, unless they shall be satisfied that the paper marked "A." was delivered to and in the possession of the plaintiff at or previous to the institution of the suit in the Court of Common Pleas, in the name of Clark v. Holliday, the said paper must be altogether disregarded by the jury.

The court then, at the instance of the defendant, gave the following instructions to the jury:

1. If the jury find from the evidence, that the assignment, dated July 7th, 1845, from Crow to Harrison, is genuine, and was made in good faith on the part of Harrison, and for a valuable consideration from him to Crow, and that the assignment from Clark to Crow, therein referred to, was made in that shape, with the consent of Garland, the plaintiff is not entitled to recover in this case, unless the jury find from the evidence, that the receipt from Crow to Garland, given in evidence, was executed and delivered to Garland before said transfer to Harrison, and shall also find from the evidence that, before said assignment to Harrison, he had notice that Garland had furnished to Crow, as stated in said receipt, some portion of the money with which the claim therein mentioned was purchased from Clark.

2. If the jury believe from the evidence, that the assignment,

19—VOL. XVII.

dated July 7th, 1845, from Crow to Harrison, is genuine, and was made in good faith on the part of Harrison, for a valuable consideration from him to Crow, and refers to the same judgment mentioned in the receipt from Crow to Garland, offered in evidence, the plaintiff is not entitled to recover in this case, unless the jury find from the evidence, that said receipt from Crow to Garland was executed and delivered to Garland before said transfer to Harrison ; and shall also find from the evidence, that before said assignment to Harrison, he had notice that Garland had furnished to Crow, as stated in said receipt, some portion of the money with which the claim therein mentioned was purchased from Clark.

3. If the jury believe from the evidence, that the assignment dated July 7th, 1845, from Crow to Harrison, is genuine, and was made in good faith on the part of Harrison, and for a valuable consideration from him to Crow, the plaintiff is not entitled to recover in this case, on account of any interest he may have had in said judgment, unless the jury find from the evidence that, before said assignment to Harrison, he had notice that Garland had furnished to Crow some portion of the money with which said judgment was purchased by Crow of Clark, or had notice that Garland had some interest in said judgment.

4. The instrument of assignment from Crow to Harrison, is evidence that Harrison paid therefor a valuable consideration, and that said assignment was executed on the day of its date.

5. The legal presumption is, that the receipt from Crow to Garland was executed, if at all, upon the day it bears date.

The defendant, by his counsel, then asked the court to give the following instructions to the jury, which were refused :

1. Unless the jury should find from the evidence, that the paper marked "A." was delivered to and in the possession of the plaintiff, at or previous to the institution of the suit in the St. Louis Court of Common Pleas, in the name of Clark v. Holliday, the jury ought to find for the defendant.

2. Upon the evidence in this case, the jury are bound to

consider that the receipt from Crow to Garland, if executed at all, was executed as late as the 2d of August, 1845.

3. The receipt from Crow. to Garland is no evidence as against Harrison, of the matters therein stated.

4. The receipt from Crow to Garland is no evidence as against Harrison, that Garland is entitled to any portion of the money received by Harrison, under the judgment rendered in the St. Louis Court of Common Pleas.

5. The acts of Garland, in relation to the suit in the St. Louis Court of Common Pleas, are not evidence that Garland had any interest in the judgment recovered in said suit.

The plaintiff then asked the following instruction, which was refused:

If the jury find from the evidence, that the claim of Isaac Clark against Marshall C. Holliday was purchased by plaintiff, Garland, and O. P. Crow, through the agency of said Crow, then the assignment by Crow to defendant, given in evidence by him, and dated in July, 1845, does not transfer to defendant Garland's interest in said claim.

The jury found a verdict for the plaintiff.

*Geyer & Dayton,* for appellant. 1. Evidence of the acts of Garland, in the conduct of the suit, and of Crow's statements to Belt, was improperly admitted. The paper marked "A." was also improperly admitted. 2. The instructions asked by the defendant, at the close of the plaintiff's case, ought to have been given. 3. The court erred in refusing to allow the whole of paper "B." to be read in evidence by the defendant, in connection with the assignment endorsed upon it. 4. The instructions given by the court, at its own instance, did not do away with the effect on the jury of paper "A." 5. The five instructions asked by the defendant and refused, ought to have been given. The refusal of them left in full effect all the mischiefs occasioned by the improper admission of the testimony at which they were aimed, and left the jury to construe the meaning, and determine the date and effect of paper "A.," and, indeed, to determine the effect of all the testimony in the

case. 6. The instructions given at the instance of the defendant, do not cover the whole case, or afford an equivalent for those refused. 7. In truth, no right was shown by either party to the proceeds of the suit in the Court of Common Pleas. For aught that appears, Harrison is liable to Clark for the whole sum.

*T. Polk*, for respondent. 1. Evidence of the acts and conduct of Garland, touching the suit in the Common Pleas, was properly admitted. 2. The statement of Crow to Belt was properly admitted in evidence. The statement was made immediately after the purchase, upon Crow's return from his trip undertaken for this very purpose. It, therefore, must have been before his assignment to Harrison. It was competent to show what interest Crow had and what he could convey to Harrison. 3. The paper marked "A." was properly admitted. There was sufficient evidence to warrant the jury in finding that it was executed before the assignment to Harrison. 4. The portion of paper "B.," excluded by the court, was properly excluded. Its execution was not proved. The subscribing witness was not produced. So much of it was admitted as was necessary to make the assignment on the back of it intelligible. 5. The instruction asked by defendant, at the close of the plaintiff's case, was rightly refused. There was *some* evidence to sustain the plaintiff's claim, and the jury thought it sufficient. Harrison claimed under Crow, and it did not lie in his mouth to say there was no proof of Crow's right to the money. 6. There was no error in the giving or refusing of instructions.

RYLAND, Judge, delivered the opinion of the court.

1. From the statement in this case, the ruling of the court, in admitting evidence, and in giving, as well as in refusing instructions, presents the main questions for the consideration of this court. It will be seen, that Garland had the assignment or transfer of the judgment of Clark v. Holliday, in Callaway

Circuit Court, made to Crow alone. Pritchartt drew this transfer at Garland's request. Now if Garland had furnished all the money to Crow to purchase the judgment with, and, when purchased, required it to be transferred to Crow, and Crow, in pursuance of this understanding, had bought the judgment, and had it thus assigned or transferred to himself, and had afterwards sold the same to Harrison, without his having any knowledge of Garland's interest in the original purchase, Harrison must hold the same against Garland. Garland, by his own act, put it into the power of Crow to show himself the purchaser and owner; he must then be bound by Crow's acts in this matter. He gave to Crow the authority to do the deed, and when done, Garland will not be permitted to set it aside against an innocent purchaser, without notice.

The judgment of Clark v. Holliday, in Callaway Circuit Court, being by attachment, and no personal service on Holliday, and no appearance by him, is operative, so far as to reach the property only that had been attached. It was not evidence to support a new action, consequently Harrison and Crow consult an attorney, and the suit is brought, not on the judgment, but on the original cause of action, in Clark's name, against Holliday. An attachment issues, persons are garnished, supposed to have Holliday's money in their possession. This suit ripens into a judgment, and the money is made and by the attorney paid over to Harrison.

2. On the trial of this cause, the plaintiff, Garland, introduced Mr. Belt as a witness, and proves by Belt what Crow said to him about the transfer of this judgment from Clark; that it was for the benefit of Garland and himself. To this testimony the defendant objected, and excepted to the opinion of the court in admitting it. Mr. Belt did not fix the time of this conversation with Crow; whether it was before or after the transfer by him to Harrison, does not appear. If it was after the transfer, then this conversation was clearly not admissible in evidence. Crow will not be permitted to affect

Harrison's interest and right, by any thing he says after he has assigned or transferred to him.

It was error, then, to admit this testimony. From all that appears in this case, the court below might well have given the instructions prayed for by defendant at the close of the plaintiff's evidence, for it really seems to us to be a suit between these parties for what appears to belong to another person. We shall not notice the instructions refused, as the case will have to be reversed for admitting improper evidence. From the inspection of the original paper "A.," attached to the record in this case, we have no hesitation in saying the date is August 2d, 1845, and in trying it again this may be borne in mind.

The judgment below is reversed and the cause remanded, to be further proceeded with in accordance with this opinion; the other judges concurring.